||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PATRICK JAMES CAVANAUGH,        )
                                )
        Petitioner,             )   3:98-cv-0666-LRH-RAM
                                )
vs.                             )
                                )   **ORDER**
E.K. McDANIEL, *et al.*,        )
                                )
        Respondents.            )
                                )
_____ /

In this capital habeas corpus action, in an order entered on September 28, 2001 (docket #121), the Court dismissed, fully or in part, each of the claims in petitioner's Second Amended Petition (docket #94). The Court ordered that judgment would not be entered, but that the case would be closed administratively pending petitioner's further exhaustion of claims in state court. The Court ordered that this would be petitioner's final opportunity to return to state court to exhaust claims. The Court ordered that, should petitioner not receive the relief sought in state court, he could file a motion to reopen this case upon the conclusion of the state-court proceedings.

On December 16, 2005, petitioner filed a motion to reopen this case (docket #123), together with a First Supplemental Petition (docket #124) and two volumes of exhibits (docket #125 and #126). In his December 16, 2005 motion, petitioner states that the state-court proceedings have concluded, and that he was granted no habeas corpus relief in those proceedings. Petitioner therefore seeks to reopen this action.

1       On February 3, 2006, respondents filed a Notice of Non-Opposition (docket #128),
2  stating that they do not oppose the reopening of this action.
3       Pursuant to the Court's order entered September 28, 2001 (docket #121), and in light
4  of the respondents' non-opposition, the Court will grant petitioner's motion to reopen this action,
5  will order the action administratively reopened, and will set a schedule for further litigation of the
6  action.
7       Petitioner filed, with his motion to reopen the action, a First Supplemental Petition
8  (docket #124). That supplemental petition includes seven claims not previously asserted in this
9  action, each based upon events that occurred in state court subsequent to the filing of the Second
10 Amended Petition (and the Errata to Second Amended Petition (docket #101)) in this action.
11 Because it sets forth occurrences subsequent to the Second Amended Petition, the pleading is
12 properly in the form of a supplemental petition. *See* Fed. R. Civ. P. 15(d). However, the Court notes
13 that the supplemental petition does not -- and, as a supplemental pleading under Rule 15(d), could
14 not properly -- reassert any of the claims dismissed on September 28, 2001 from the Second
15 Amended Petition. *See* Order entered September 28, 2001 (docket #121), p. 20, lines 3-9.
16      Therefore, to clarify what claims petitioner intends to assert in this reopened action,
17 and to pull all of petitioner's claims together into one amended petition (*see* LR 15-1), the Court will
18 require petitioner to file a Third Amended Petition, setting forth all the claims he now intends to
19 assert in this action.
20      Petitioner need not re-file any exhibits. Petitioner's Third Amended Petition may
21 refer to any exhibits already filed in this action, so long as the Third Amended Petition is clear with
22 respect to the identity of the exhibits to which it refers, and with respect to their location in the
23 record in this action.
24      In addition, the Court will schedule respondents' response to the Third
25 Amended Petition, and the Court will set forth standard scheduling orders governing the further
26 "post-exhaustion" litigation of this case.

1 **IT IS THEREFORE ORDERED** that petitioner's Motion to Re-Open
2 (docket #123) is **GRANTED**. The Clerk shall administratively reopen this action.
3 **IT IS FURTHER ORDERED** that petitioner shall have until and including
4 **May 19, 2006**, to file a Third Amended Petition, setting forth in that pleading all claims that he
5 intends to assert in this action.
6 **IT IS FURTHER ORDERED:**
7 1. **Response to Petition.** Respondents shall have **sixty (60) days** following
8 service of the Third Amended Petition to file and serve an answer or other response to it.
9 2. **Reply and Response to Reply**. Petitioner shall have **forty-five (45) days**
10 following service of an answer by respondents to file and serve a reply. Respondents shall thereafter
11 have **thirty (30) days** following service of a reply to file and serve a response to the reply.
12 3. **Briefing of Motion to Dismiss**. If respondents file a motion to dismiss,
13 petitioner shall have **thirty (30) days** following service of the motion to file and serve an opposition
14 to the motion. Respondents shall thereafter have **thirty (30) days** following service of the
15 opposition to the motion to file and serve a reply.
16 4. **Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing,
17 petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate
18 from, his reply to respondents' answer or his opposition to respondents' motion to dismiss. The
19 motion for an evidentiary hearing must specifically address why an evidentiary hearing is required,
20 and must meet the applicable requirements of 28 U.S.C. § 2254(e). The motion must identify
21 whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located
22 in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and serve
23 a response to that motion concurrently with, but separate from, their response to petitioner's reply or
24
25
26

1  their reply in support of a motion to dismiss.  Petitioner shall thereafter have **twenty (20) days**,
2  following service of respondents' response to the motion for an evidentiary hearing, to file and serve
3  a reply in support of that motion.

        Dated this 27th day of March, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE